

# Electronically Certified Court Record

This is to certify that this is a true and correct copy of the original document, which may have redactions as required by law.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Clerk of the Circuit Court & Comptroller, Palm Beach County |
| **Clerk of the Circuit Court:** | The Honorable Joseph Abruzzo |
| **Date Issued:** | 9/12/2022 3:25:59 PM |
| **Unique Reference Number:** | CAA-FBH-BCAJJ-BJHACDGCB-EGFGBF-B |
| **Case Number:** | 502019CA000793XXXXMB |
| **Case Docket:** | AGREED ORDER GOODMAN; ON SCOPE OF COMPULSARY MEDICAL EXAMINATION OF JOHN AFSHWER MD (SEE ORDER... |
| **Requesting Party Code:** | 517 |

## CERTIFICATION

Pursuant to Sections 90.955(1) and 90.902(1), Florida Statutes, and Federal Rules of Evidence 901(a), 901(b)(7), and 902(1), the attached document is electronically certified by The Honorable Joseph Abruzzo, Clerk of the Circuit Court & Comptroller, Palm Beach County, to be a true and correct copy of an official record or document authorized by law to be recorded or filed and actually recorded or filed in the office of the Clerk of the Circuit Court & Comptroller, Palm Beach County. The document may have redactions as required by law.

## HOW TO VERIFY THIS DOCUMENT

This document contains a Unique Reference Number for identification purposes and a tamper-evident seal to indicate if the document has been tampered with. To view the tamper-evident seal and verify the certifier's digital signature, open this document with Adobe Reader software. You can also verify this document by scanning the QR code or visiting https://appsgp.mypalmbeachclerk.com/Services/EcertifyService/Helper/VerifyImage.html .

**The web address shown above contains an embedded link to the verification page for this particular document.



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AD
CASE NO. 50 2019-CA-000793 XXXXMB

EVERETT STERN,

    Plaintiff,

vs.

HARRISON GLOBAL, LLC d/b/a
BOSTON COACH, HARRISON
TRANSPORTATION SERVICES, INC.,
DAV EL OF PALM BEACH, INC., and
RICHARD A. GRANATA,

    Defendants.
_____/

**AGREED ORDER ON SCOPE OF COMPULSORY MEDICAL EXAMINATION**

    Pursuant to Florida Rule of Civil Procedure 1.360 ("Examination of Persons"), Defendants' counsel has notified Plaintiff, EVERETT STERN's counsel that the Plaintiff is requested to present for a noninvasive medical examination as follows:

    **Examiner: John Afshar, M.D.,**

    **Address: Jupiter Business Center, 601 Heritage Drive, Jupiter, Florida 33458**

    **Date: Friday, June 10, 2022, at 9:00 a.m.**

    **THE FOLLOWING CONDITIONS ARE TO BE OBSERVED BY ALL PARTIES INVOLVED:**

    1.    This examination is not a deposition so the examiner shall be limited to that information reasonably necessary to conduct the specialty-appropriate examination and evaluation, including a brief medical history as well as present complaints. The examination is to be limited to the specific medical or psychological conditions in controversy and unless modified by another

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 05/31/2022 10:38:44 AM

court order, such examination will be the only exam for the specific conditions or issues in controversy (without limiting the possibility of multiple specialties). No invasive testing shall be performed without informed consent by the Plaintiff/examinee, or further Order of court. However, the examiner shall be permitted to conduct X-Rays related to the specific medical condition in controversy to the extent he deems necessary.

     2.    The examinee will not be required to complete any forms upon arrival at the examiner's office. The examinee will furnish the doctor with name, address, date of birth, and driver's license. Questions pertaining to present medical complaints, mechanism of injury and prior/subsequent similar injuries involved in this action are permitted, limited to the areas of complaints. Questions pertaining to "fault" such as facts and circumstances as to how the injury complained of occurred, when the Plaintiff hired his/her attorney, who referred the Plaintiff to any doctor, and what the Plaintiff told his attorney, investigators, witnesses or treating physicians or other health care providers are not permitted.

     3.    It shall be the defense attorney's responsibility to provide the examiner with all medical records, imaging studies, test results, and the like, which the defense wants the examiner to review and rely upon as part of the examination. Unless he or she has exclusive control of any original records or imaging studies, Plaintiff shall not be required to bring anything to the exam other than valid identification (e.g., Driver's License, Official Florida Identification Card or government-issued Passport).

     4.    Plaintiff is permitted to have his/her attorney (and spouse, or parent, or other representative) present for the examination, provided that only one of these listed non-attorney persons may attend. Such persons may unobtrusively observe the examination, unless the examiner or defense counsel establishes a case-specific reason why such person's presence would be disruptive, and that no other qualified individual in the area would be willing to conduct the examination with such person present. In the case of a neuropsychological exam, all observers shall watch and listen from an adjacent room if available, or by video feed. If the examination is to be recorded or observed by others, the request or response of the examinee's attorney shall be provided to Defense Counsel ten (10) days prior to the examination and shall include the number of people attending, their name, their role, and the methods of recording.

Unique Code : CAA-FBH-BCAJJ-BJHACDGCB-EGFGBF-B Page 2 of 4

Unique Code : CAA-FBH-BCAJJ-BJHACDGCB-EGFGBF-B Page 3 of 4

5. Plaintiff's counsel (or representative) may video tape the examination and/or also send a court reporter and/or a videographer to the examination, provided that they do not interfere with the examination and notice the presence of a court reporter and/or videographer is provided to Defense counsel ten (10) days prior to the examination.

6    Neither Defendant's attorney nor any of Defendant's representatives may attend, observe, record or video the exam. Only if the video is identified as impeachment material for use at trial may the defense counsel obtain a copy. The medical examiner shall not be entitled to any payment of an additional fee or accommodation fee from the Plaintiff or his/her counsel, simply because of the presence of legally permitted third parties.

7. If a videotape or digital recording is made of the examination by counsel for Plaintiff, it is considered work-product, and neither the defense nor the examiner is entitled to a copy, unless and until same is designated as (or reasonably expected to become) trial evidence, subject to discovery only upon a showing of need and undue hardship.

8. The examining physician shall prepare a detailed written reporting setting forth all of the examining physician's findings, including all tests made, diagnoses and conclusions. The report of the examiner shall be sent to Plaintiff's counsel, as required by Rule 1.360(b), within 30 days of the examination unless otherwise agreed between counsel for the parties or ordered by the court due to special circumstances.

9. All protected health information generated or obtained by the examiner shall be kept in accordance with HIPPA requirements and shall not be disseminated by the examiner or defense counsel to any other person or entity not a party to this case without a specific order from this court.

10. The defense doctor shall not be identified as "independent", "appointed by the court" or the like. The examination shall be referred to as a "Compulsory Medical Examination" or "Examination Pursuant to Rule 1.360".

11. Plaintiff shall not be required to wait any longer than thirty (30) minutes for the compulsory examination to begin from the start time referenced above. Likewise, the Compulsory Medical Examination doctor is not required to wait any longer than thirty (30) minutes from the start time referenced above for the Plaintiff to arrive. If there is an emergency by either the physician or the Plaintiff, each person shall immediately notify the irrespective

Case No. 50-2019-CA-000793-XXXX-MB

legal representative with the reason for the need to reschedule.

      12.    Defense counsel must provide the examiner with a copy of this Order and explain the need for the examiner's compliance.

      DONE AND ORDERED in Chambers in West Palm Beach, Palm Beach County, Florida.

      50-2019-CA-000793-XXXX-MB    05/31/2022
      Jaimie R. Goodman
      Circuit Judge

COPIES FURNISHED via Judicial E-Service:

Michael J. Overbeck, Esquire
Schuler, Halvorson, Weisser & Zoeller, P.A.
Barristers Building, Fourth Floor
1615 Forum Place
West Palm Beach, Florida 33401
moverbeck@shw-law.com

Shane A. Chernoff, Esquire
Wicker Smith O'Hara McCoy & Ford, P.A.
515 N. Flagler Drive, Suite 1600
West Palm Beach, FL 33401
wpbcrtpleadings@wickersmith.com