UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. FLYNN,

    Plaintiff,

v.                                                   Case No. 8:22-cv-01250-TPB-AAS

EVERETT STERN,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S MOTION TO TRANSFER VENUE"**

This matter is before the Court on Defendant Everett Stern's motion to transfer venue, filed by counsel on August 30, 2022. (Doc. 22). Plaintiff Michael T. Flynn filed a response in opposition on September 13, 2022. (Doc. 28). Upon review of the motion, response, court file, and record, the Court finds as follows:

The Court has the discretion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice, […] to any other district or division where it might have been brought […]." 28 U.S.C. § 1404(a); *see* Fed. R. Civ. P. 12(b)(3). The plaintiff's choice of forum is given deference and as a result, "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)). Consequently, the movant bears the burden to show that the proposed forum is more convenient. *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334,1337 (M.D. Fla. 2011).

Courts engage in a two-step inquiry to determine whether transfer would be appropriate. *Healthe, Inc. v. High Energy Ozone LLC*, 533 F. Supp. 3d 1120, 1126 (M.D. Fla. 2021). The first step requires the court to look at whether the action could have been

brought in the transferee court. *Id.* In this case, the parties agree that the case could have been brought in the Eastern District of Pennsylvania.

In the second step, the court considers "whether convenience and the interest of justice require transfer." *Id*. (internal quotation omitted). The Eleventh Circuit has set out factors to consider, including: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative of facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

The majority of the factors – such as the location of evidence – are neutral, at best. To argue for transfer, Defendant relies primarily on the convenience of non-party witnesses that he intends to call, along with his own personal convenience due to medical issues. However, Defendant has failed to establish these factors should outweigh Plaintiff's choice of forum. The "key witnesses" in this case are likely limited to Plaintiff and Defendant, and both key witnesses would be able to be present in Florida for trial. *See Nat'l Trust Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1243 (M.D. Fla. 2016). Although Defendant provides a lengthy list of potential witnesses, he has not sufficiently demonstrated the materiality of any testimony that these purported witnesses would provide.[1] *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013)

---

[1] Defendant's long list of potential witnesses seems to focus on quantity rather than materiality. *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013). The list names several prominent Pennsylvania politicians, along with certain groups or classes of witnesses such as "Election Officials in Pennsylvania," "FBI Field Agents in the Philadelphia Office," and "Defendant's Friends, Employees, Campaign Staffers, and Family." Although Defendant alludes that some of these witnesses may have information about the Patriot Caucus or his "defense of truth," it is not clear

(quoting *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)). As to Defendant's medical condition, although he provided medical records to show that travel could be more difficult for him, he was able to personally travel to Florida for a recent initial case management conference and actually appeared in court. Even giving some weight to this factor, it is not enough to support transfer in this case. *See Elemary v. Philipp Holzmann A.G.,* 533 F. Supp. 2d 144, 153 (D.D.C. 2008).

Ultimately, unless there is "a clear difference in convenience, the plaintiff's choice of forum is determinative." *Garay v. BRK Electronics*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991) (quoting *NTN Bearing Corp. v. Charles E. Scott, Inc.*, 557 F. Supp. 1273, 1279 (N.D. Ill. 1983)). To overcome Plaintiff's choice of forum, Defendant "must make a convincing showing of the right to transfer." *See id*. Defendant has not met his burden here. The motion is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 4th day of November, 2022.

                                                  **TOM BARBER**
                                                  **UNITED STATES DISTRICT JUDGE**

---

exactly what these witnesses would testify to. The vague explanations indicate that the testimony would probably not have high material value. To the extent these witnesses actually possess relevant knowledge and information, calling ten or more witnesses would also be cumulative. *See Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004).