**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division**

| | |
|---|---|
| MICHAEL T. FLYNN, )<br>)<br>   Plaintiff/Counter-Defendant )<br>)<br>v. )<br>)<br>EVERETT STERN, )<br>)<br>   Defendant/Counter-Plaintiff. )<br>)<br>_____ ) | No. 8:22-cv-01250 (TBS/AAS) |

**MICHAEL T. FLYNN'S RULE 12(b)(6) MOTION TO DISMISS &
RULE 12(f) MOTION TO STRIKE THE COUNTERCLAIM**

Everett Stern, pro se, fails to state a claim under Rule 12(b)(6) in his counterclaim because he alleges defamation based on statements in Gen. Flynn's Complaint, which are absolutely privileged, and on statements not made by Gen. Flynn. Moreover, he improperly uses his counterclaim to spin conspiracy theories and to make false, irrelevant, and impertinent personal attacks on Gen. Flynn. Stern's scandalous allegations have nothing to do with the alleged defamation and should be stricken under Rule 12(f).

**Background**

The underlying action is Gen. Flynn's defamation Complaint against Stern. On October 30, 2021, Stern held a "press conference" where he falsely accused Gen. Flynn of orchestrating a domestic terrorism plot. Compl. ¶ 23.

Since then, Stern has repeated these accusations ad nauseum on social media, and to major news outlets, which have repeated and spread his lies to a massive audience. *Id.* ¶¶ 30–65. Stern has repeatedly used his self-proclaimed reputation as "the HSBC whistleblower" whose "whistleblowing actions resulted in a $1.92 billion fine," Compl. ¶ 24, to bolster the credibility of his lies and has even claimed that this makes him "beyond reproach."[1]

On May 31, 2022, Gen. Flynn filed the underlying Complaint against Stern for defamation. The Complaint alleges not only that Stern's lies about Gen. Flynn are defamatory, but that they fit a pattern of Stern maliciously targeting high-profile victims with smears and lies to boost his own public profile and income. *See* Compl. ¶¶ 1–3, 11–22, 67–70.

## Motion to Dismiss

Stern fails to state a valid claim because the allegedly actionable statements were made in the course of judicial proceedings and are absolutely privileged. *See DelMonico v. Traynor*, 116 So. 3d 1205 (Fla. 2013); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) (holding that all torts are covered by the absolute litigation privilege, "so long as the act has some relation to the proceeding."); *James v. Leigh*, 145 So. 3d 1006, 1007 (Fla. 5th DCA 2014); *Robb v. Rahi Real*

---

[1] Everett Stern, Official Michael T. Flynn Report to the DOJ 23–24 (2021).

*Estate Holdings, LLC*, No. 10-81474-CIV, 2011 WL 2149941 at *8 (S.D. Fla. May 23, 2011). Absolute privilege can be raised in a motion to dismiss "if its applicability is demonstrated on the face of the complaint or exhibits." *James*, 145 So. 3d at 1007.

In a motion to dismiss, all *well-pleaded* allegations are accepted as true as well as reasonable inferences therefrom. *Marshall Cty. Bd. Of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *N&D Holding, Inc. v. Town of Davie*, 17 So. 3d 819, 820 (Fla. 4th DCA 2009). This Court has the discretion to dismiss a complaint pursuant to Rule 12(b)(6) when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall*, 992 F.2d at 1174. This counterclaim must be dismissed because no construction of Stern's well-pleaded facts could support his causes of action.

I. **Statements made in Gen. Flynn's Complaint are absolutely privileged.**

Florida law is well-settled that statements contained in a complaint, so long as they bear *some* relation to the cause of action are absolutely privileged. *See, e.g.*, *Levin*, 639 So. 2d at 607–08; *James*, 145 So. 2d at 1008; *Hope v. Nat'l Alliance of Postal & Fed. Employees, Jacksonville Local No. 320*, 649 So. 2d 897, 901 (Fla. 5th DCA 1995).

3

The Fifth District Court of Appeal, in *Hope*, addressed the question of how broadly to interpret relevancy in a claim of absolute litigation privilege "so as to not have a chilling effect" on legal proceedings. *Hope*, 649 So. 2d at 900. The court concluded that Florida uses the "relaxed relevancy standard" from the Restatement (Second) of Torts § 587. *Id.* at 901. In *Hope*, accusations that a postal worker was complicit in a murder was found to have *some* relevancy to a grievance proceeding initiated by a labor union having to do with alleged racial tensions in that postal division. *Id.* at 898–99, 901.

More recently in *James*, the First District Court of Appeal agreed. *James*, 145 So. 2d at 1008. James, a lawyer, made accusations of misconduct against his former law partner in his divorce proceedings, namely, a Motion to Set Aside Marital Settlement Agreement. *Id.* at 1007. James claimed that he only agreed to the marital settlement agreement because he was expecting that his law partner would be disciplined for misconduct, leaving the firm, its clients, and its income to James. *Id.* at 1007. The former law partner sued James for defamation, but the court dismissed the claim, finding that the accusations had *some* relation to the divorce proceedings. *Id.* at 1007–08.

The facts of *James* and *Hope* illustrate just how relaxed the relevancy standard is in an absolute privilege claim. In both cases, the alleged defamation is only tangentially related to the subject matter of the underlying

4

litigation. The case at bar is far simpler, as the relevancy is direct, rather than indirect.

In this case, all the statements complained of from the Complaint are directly related to Gen. Flynn's defamation action, particularly under the applicable, relaxed relevancy standard. While Stern does not quote any specific language in the Complaint as being defamatory, he complains generally about allegations in the Complaint that Stern was *not* responsible for the $1.92 billion fine of HSBC and that Stern fabricated his role in the HSBC investigation to bolster his resume. Counterclaim ¶¶ 22, 27(a)–(c).

Importantly, as a public figure, Gen. Flynn must prove that Stern published his lies with actual malice—that is, knowing that his statements were false or made with reckless disregard for their falsity. *New York Times v. Sullivan*, 376 U.S. 254 (1964). Hence, Stern's history of *knowingly* lying about high-profile targets for monetary gain is directly relevant to proving actual malice.

Moreover, in this case, Stern predicated the credibility of his statements about Gen. Flynn upon his supposed reputation as "the HSBC whistleblower," declaring himself to be "beyond reproach."[2] Indeed, Stern introduced himself at his October 30, 2021 press conference as "the whistleblower in the HSBC

---

[2] Stern, *supra* n.1, at 23.

5

money laundering scandal" and stated in the accompanying YouTube post that he is "considered a hero by many." Compl. ¶ 24. Therefore, not only is it fair game for Gen. Flynn's defamation lawsuit to challenge the veracity of Stern's HSBC claims, but it is also directly relevant to proving malice: it shows that within his statements about Gen. Flynn, Stern makes other *knowingly* false representations. This is not a disconnected or collateral attack on Stern's character. This is direct evidence of the knowing falsity of his statements about Gen. Flynn because Stern repeatedly incorporates his supposed reputation as "the HSBC whistleblower" with his allegations about Gen. Flynn.

Therefore, allegations in the Complaint that Stern lied about his role in the HSBC scandal is evidence of malice. Under any standard of relevancy, and certainly under the relaxed standard applicable here, these allegations are absolutely privileged, and Stern's counterclaim must be dismissed.

## II. Statements in the defamation notice letter were not made by Gen. Flynn.

Stern fails to state a claim against Gen. Flynn for statements made in a September 9, 2022 defamation notice letter (the "Letter"), attached as

Exhibit 1,³ because on the face of the counterclaim and its attached exhibit, the statements were not made by Gen. Flynn.⁴

While Stern attributes the statements in the Letter to Gen. Flynn, those allegations are not well-pleaded, because on the face of his counterclaim the statements were authored by another person. Stern states in Paragraph 21 of the counterclaim that the Letter is *"from Flynn's counsel."* Counterclaim ¶ 21 (emphasis added). Stern also includes the Letter as Exhibit A to his counterclaim, which speaks for itself: it is on the letterhead of Jason Greaves and is signed by Jason Greaves. While the Letter identifies The Binnall Law Group as a law firm that represents Gen. Flynn, nothing about the Letter indicates that it was authored by Gen. Flynn. Therefore, on the face of Stern's allegations in the counterclaim and its exhibit, none of the statements alleged from the Letter were made by Gen. Flynn.

Even with all well-pleaded facts taken as true, and all reasonable inferences made in favor of Stern, he fails entirely to state a claim against Gen.

---

³ The Letter, excluding attachments, is included here for clarity of formatting because the version attached to Stern's counterclaim has mangled formatting and does not include footnotes. The substantive content of Stern's Exhibit A is otherwise identical to Exhibit 1.

⁴ Even if the statements were made by Gen. Flynn, they would enjoy absolute or qualified privilege because the Letter was sent in the course of a judicial proceeding, as discussed above. *See also* Fla. Stat. § 770.01 (requiring pre-suit notice to media defendants for defamation actions).

Flynn upon which this Court can grant relief. Moreover, there is no set of facts that he could allege that would fix the fatal flaws of his counterclaim. Therefore, his entire counterclaim must be dismissed with prejudice.

## Motion to Strike

Even ignoring the fatal flaws discussed above, large portions of Stern's counterclaim should be stricken pursuant to Rule 12(f). This Court has the authority to strike from a pleading—including a counterclaim—any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike avoids the "unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issue." *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019). While a motion to strike is a "drastic remedy" that is generally disfavored, it is wholly appropriate here, where Stern's wildly irrelevant and impertinent allegations have "no possible relation to the controversy" and will prejudice Gen. Flynn. *See Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

The only relevant issue in Stern's counterclaim is whether statements by Gen. Flynn in this litigation—calling Stern a liar for falsely claiming to have been responsible for the investigation and subsequent $1.92 billion fine of HSBC—are actionable. The following paragraphs have nothing to do with that issue:

**Paragraph 9** contains a link to an internet opinion article about Gen. Flynn, titled "Grooming a Traitor: How Was Michael Flynn Allowed to Become a General?" This article does not mention Stern or anything about this cause of action. Moreover, it repeatedly derides Gen. Flynn as a "nutjob" and a "religious zealot." This is highly prejudicial, irrelevant, and has no place in this litigation.

**Paragraphs 13 and 14** contain conspiracy theories about QAnon and allegations about Gen. Flynn supposedly urging President Trump to "suspend the Constitution, silence the press, and hold a new election under military authority." This has nothing to do with whether Stern lied about his role in the $1.92 billion fine of HSBC and is highly prejudicial to Gen. Flynn.

**Paragraph 15** is an irrelevant citation to Judge Emmet Sullivan's rebuke of Gen. Flynn at his sentencing hearing in December 2018 (incorrectly dated by Stern as December 2021). Judge Sullivan's words, carrying the imprimatur of the court and accusing Gen. Flynn of "arguably" being a traitor, are obviously prejudicial, they are irrelevant, and they have no place in this litigation.[5]

---

[5] Arguably, Judge Sullivan's comments had no place in the 2018 sentencing hearing, and Judge Sullivan, after a recess, even attempted to walk back those comments. *See U.S. v. Flynn*, No. 17-232, Transcript of Sentencing Proceedings, pp. 39–40 (D.D.C. Dec. 18, 2018).

**Paragraph 16** makes allegations about a supposed statement made by General Flynn in September 2022 about a coup in Myanmar and about Gen. Flynn's invocation of the Fifth Amendment before the January 6 Committee. Stern cites the opinions of various critics of Gen. Flynn, including an unnamed "commentator," Jeffrey Toobin, and an article in THE PROGRESSIVE MAGAZINE. None of this is conceivably relevant to Stern or his counterclaim and it is highly prejudicial.

**Paragraphs 21, 22, 23, 25, 31, and 32**, as discussed above, contain facially false allegations, mis-attributing statements in the Letter to Gen. Flynn that are, on the face of the counterclaim and its exhibit, authored by another person. As discussed above, Stern simultaneously attributes the Letter—correctly—to "Flynn's Counsel" and attaches the Letter, which appears on the letterhead of Jason Greaves and is signed by Jason Greaves, as Exhibit A to his counterclaim. Therefore, these paragraphs, falsely attributing statements to Gen. Flynn should be stricken as irrelevant and knowingly false.

**Paragraph 28** baldly speculates that Gen. Flynn is an antisemite. This is a baseless and scandalous slur, it is obviously prejudicial, and it should be stricken.

It is noteworthy that Gen. Flynn is not seeking to strike the entirety of Stern's counterclaim. In striking these select allegations, Gen. Flynn is paring back Stern's counterclaim to what is at issue. None of the above cited

allegations has any conceivable relevance to whether Gen. Flynn defamed Stern, and they are so far afield as to be scandalous. Therefore, this Court can and should strike these immaterial allegations from the counterclaim.

## Conclusion

Stern's counterclaim fails for multiple reasons. He alleges that statements in the underlying Complaint are actionable, completely ignoring the absolute litigation privilege. He mis-attributes statements from the Letter to Gen. Flynn, which cannot be accepted by this Court as true because they are not well-pleaded facts, given that Stern simultaneously attributes the statements—correctly—to Gen. Flynn's counsel and attaches the Letter to his counterclaim as an exhibit that speaks for itself. Moreover, Stern includes multiple scandalously irrelevant statements about Gen. Flynn that should be stricken from the counterclaim.

WHEREFORE, for the foregoing reasons, Michael T. Flynn, by counsel, respectfully requests that this court dismiss Everett Stern's counterclaim with prejudice, and for such other and further relief as the Court deems appropriate under the circumstances.

Dated: January 3, 2023                    Respectfully submitted
                                                                      MICHAEL T. FLYNN
                                                                       By Counsel,

                                                                       */s/Jason C. Greaves*
                                                                       Jason C. Greaves (*pro hac vice*)
                                                                       Jared J. Roberts, Fl. Bar No. 1036550
                                                                       BINNALL LAW GROUP, PLLC
                                                                       717 King Street, Suite 200
                                                                       Alexandria, Virginia 22314
                                                                       Phone: (703) 888-1943
                                                                       Fax: (703) 888-1930
                                                                       Email: jason@binnall.com
                                                                                 jared@binnall.com

                                                                       *Counsel for Plaintiff/Counter-Defendant*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record. Additionally, I certify that a copy was mailed and emailed to Everett Stern, pro se, as follows:

Everett Stern
60 Pottstown Pike, Suite 8
Chester Springs, Pennsylvania 19425
stern@everettstern.com

*/s/Jason C. Greaves*
Jason C. Greaves (*pro hac vice*)

*Counsel for Plaintiff/Counter-Defendant*
